UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID EARL KEITH, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-1466 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM AND ORDER

Petitioner David Earl Keith, a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division, has filed a *pro se* petition for a writ of habeas corpus challenging the result of two prison disciplinary proceedings. (Docket Nos. 1, 9.)  Respondent William Stephens has filed a motion for summary judgment (Docket No. 28) to which Petitioner has filed a reply (Docket No. 31).  After reviewing the pleadings, the record, and the applicable law, the Court grants summary judgment in Respondent's favor and denies Petitioner's petition.  The Court will not certify any issue for consideration by the Court of Appeals for the Fifth Circuit.

## BACKGROUND

Petitioner is presently held in the Hughes Unit of the Texas Department of Criminal Justice ("TDCJ") pursuant to a sentence from Brazoria County.  Petitioner does not attack his underlying convictions in the instant habeas action.  Instead, he challenges the result of two prison disciplinary proceedings lodged against him at the Garza West and Garza East Units.

On April 25, 2013, while in the Garza West Unit, Petitioner received notice that he was being charged in disciplinary case number 20130237336 ("case one") with failing to obey an officer's orders to sit down and stop yelling. In a hearing held April 26, 2013, Petitioner pleaded not guilty. After the presentation of evidence, the disciplinary hearing officer ("DHO") found Petitioner guilty. Petitioner received a punishment of ten days commissary restriction. On May 15, 2015, Petitioner signed the instant federal petition for a writ of habeas corpus challenging case one. (Docket No. 1.)

On June 20, 2013, Petitioner was charged in disciplinary case number 20130296695 (case two) in the Garza East Unit with threatening to inflict harm on an officer. The next day, Petitioner received notice of the charges against him and the hearing date. The notice informed him of the right to call witnesses, present documentary evidence, be represented by a counsel substitute, and call and question the charging officer at the hearing. Petitioner pleaded not guilty the hearing held June 25, 2013. After the presentation of evidence, the DHO found Petitioner guilty. The DHO assessed the following punishment: (1) forty-five days of commissary and recreation restriction; (2) a reduction in line class from L1 to L2; (3) fifteen days of solitary confinement; and (4) a loss of ninety days of good-time credit. Petitioner subsequently filed a supplement to his federal habeas petition to include a challenge to case two.

Respondent moves for summary judgment, contending that Petitioner has not shown a constitutional deprivation warranting habeas relief. Petitioner has filed a reply in opposition, making this matter ripe for adjudication.

## LEGAL STANDARDS

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir.1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## ANALYSIS

The federal writ of habeas corpus is an extraordinary remedy which does not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). The Court must decide whether Petitioner presents his claims in a procedurally proper manner, whether he alleges an actionable

constitutional violation, and whether his arguments survive Respondent's motion for summary judgment with regard to each case.

### A. Case One

In his hearing on April 26, 2013, Petitioner pleaded not guilty to the charge of failing to obey an officer. After Petitioner made a statement disputing the charge, the DHO found him guilty and assessed a punishment of ten days loss of commissary privileges. (Docket No. 29, Ex. 1.) Petitioner field a Step 1 grievance arguing that he had been denied the right to call witnesses at the hearing and that he had been denied the right to appeal the DHO's decision. Petitioner filed a Step 2 grievance on May 17, 2013, which was denied on July 16, 2013. (Docket No. 29, Ex. 2.) Petitioner's federal petition claims that he was:

1. denied due process because he was not allowed to call witnesses;
2. denied the right to appeal;
3. denied effective assistance of counsel; and,
4. found guilty in violation of the protection against double jeopardy.

A petitioner challenging the results of a prison disciplinary hearing is required to exhaust available administrative remedies. *See* 28 U.S.C. § 2254(b)(1)(A). The Texas prison system has developed a two-step formal grievance process:

> The Step 1 grievance . . . is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. [The Fifth Circuit] has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *see also Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Petitioner's grievances did not include the ineffective-

assistance-of-counsel and double-jeopardy arguments he raises in his federal petition. Claims three and four, therefore, are unexhausted. State law prevents Petitioner from presenting his third and fourth arguments on administrative review or in a state habeas application. Independent and adequate state law thus presumptively bars federal review. As Petitioner has made no effort to overcome the procedural bar, the Court will summarily deny claims three and four.

Respondent argues that Petitioner has not shown a constitutional violation with regard to any of his complaints relating to case one. In the disciplinary hearing context, the Due Process Clause of the Fourteenth Amendment to the United States Constitution governs a prisoner's rights, if any exist. *See Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). However, the Due Process Clause only entitles prisoners charged with institutional rule violations to rights when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Federal law limits such interests "to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (internal citations omitted).

With regard to case one, Petitioner only received a loss of commissary privileges. According to well-settled precedent, such sanctions are "merely changes in the conditions of [an inmate's] confinement" that do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Restrictions on commissary privileges do not

pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. Given the absence of a protected liberty interest, Petitioner cannot show that he is entitled to habeas corpus relief regarding case one.

### B. Count Two

In a disciplinary hearing held June 15, 2013, Petitioner pleaded not guilty to threatening to inflict harm on an officer. The DHO considered the officer's report, witness statements from another officer, and Petitioner's statements. The DHO found Petitioner guilty and assessed the following punishment: (1) forty-five days of commissary and recreation restriction; (2) a reduction in line class from L1 to L2; (3) fifteen days of solitary confinement; and (4) a loss of ninety days of good-time credit. (Docket No. 29, Ex. 3.) Petitioner filed Step 1 and Step 2 grievances, both of which raised claims he repeats on federal review. Petitioner's supplement to his habeas petition argues that:

1. The DHO was biased against him;
2. Petitioner was denied the right to appeal;
3. Petitioner was denied due process because the DHO did not allow Petitioner to call a witness; and,
4. The charges and consideration of this case were tainted by retaliation for reports Petitioner had filed.

Respondent concedes that Petitioner has exhausted his complaints through the grievance process. (Docket No. 28 at 7.) However, Petitioner's loss of recreation privileges, placement in solitary confinement, and line-class reduction do not implicate federal constitutional concerns. *See Sandlin*, 515 U.S. at 486; *Satterwhite v. Small*, 136

F.3d 137 (5th Cir. 1998); *Madison*, 104 F.3d at 768.  In this instance, the federal constitution only protects against any improper loss of good-time credits.[1]

Petitioner's federal petition raises three complaints against the DHO involved in case two.  Petitioner's allegations that the DHO was biased and prevented Petitioner from calling witnesses are sufficient to implicate federal due process concerns.  However, the guarantee of due process in prison disciplinary proceedings does not afford inmates the "full panoply of rights due a defendant" in a criminal prosecution.  *Wolff v. McDonnel*, 418 U.S. 539, 556 (1974).  While the prison must afford inmates an opportunity to call witnesses and present documentary evidence, that opportunity can be circumscribed if unduly hazardous to institutional safety and correctional goals.  *Id*.  Here, Petitioner received notice of his ability to call witnesses and present documentary evidence. Petitioner's counsel substitute presented statements from three witnesses.  When the DHO asked Petitioner if he had additional witnesses, Petitioner said: "I don't have any." (Docket No. 29, Ex. 3.)  The record does not support Petitioner's allegation that the DHO deprived him of the right to call additional witnesses.  Nor does it show that that the DHO held any bias against Petitioner.

Similarly, the record does not support Petitioner's allegation that he was denied the right to appeal.  When Petitioner filed his Step 2 grievance, he included attachments. The prison screened the document and returned it to him because TDCJ policy prohibited the inclusion of excessive attachments in the grievance process.  Petitioner resubmitted

---

[1] According to Respondent, Petitioner is eligible for mandatory supervision, entitling him to due process protections for the loss of good-time credit. (Docket No. 28 at 16-17).

his Step 2 grievance and the prison denied his appeal. Petitioner, nonetheless, argues that TDCJ denied his right to appeal.

Petitioner used the grievance process and TDCJ considered, but denied, his appeal. The implementation of prison policy, and subsequent allowance of a resubmitted Step 2 grievance, does not violate the federal constitution. *See Meyers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Petitioner has not shown that the prison denied him a right to appeal.

Finally, Petitioner alleges that the charging, adjudication, and appeals process in case two was tainted by retaliation for his filing earlier complaints. Petitioner contends that the charging officer fabricated the case against him. Petitioner also alleges a conspiracy based on the fact that a witness in his hearing offered testimony that did not comport with Petitioner's version of relevant events. Petitioner suggests that his counsel substitute and the unit warden were also involved in the conspiracy.

Respondent moves for summary judgment asserting that "Petitioner's allegations fall under the conclusory category. He makes big accusations, but supports them with self-serving speculations, rather than direct evidence." (Docket No. 28 at 27.) To survive a motion for summary judgment on a retaliation claim:

> An inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred . . . . Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Petitioner's allegations of retaliation are wholly conclusory; especially in light of other testimony presented at the disciplinary hearing that overwhelmingly supports the charge of threatening to harm an officer. Petitioner has not shown that a wide-ranging conspiracy formed against him because of his filings. Petitioner has not shown that the charges originated out of retaliatory animus, that witnesses gave false testimony, or that other actors conspired against him. As Petitioner has not alleged a chronology of events from which retaliation may be plausibly inferred, Respondent is entitled to summary judgment.

## CERTIFICATE OF APPEALABILITY

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) prevents appellate consideration of a habeas petition unless the district or circuit courts certify specific issues for review. *See* 28 U.S.C. § 2253(c); FED. R. APP. PRO. Rule 22(b). Although Petitioner has not yet requested that this Court grant him a Certificate of Appealability ("COA"), the Court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because definitive and binding precedent forecloses relief on Petitioner's claims, the Court will not issue a Certificate of Appealability from this decision.

CONCLUSION

Accordingly, it is hereby ORDERED that:

1) Respondent's motion for summary judgment (Docket No. 28) is GRANTED;

2) The instant Petition for a writ of habeas corpus (Docket Nos. 1, 9) is DENIED;

3) A Certificate of Appealability from this decision is DENIED; and,

4) All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 14th day of March, 2015.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE